Date signed May 01, 2006



PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| IN RE: | : | |
|---|---|---|
| | : | |
| JOSEPH E. BATEMAN, JR. | : | Case No. 05-90532PM |
|         Debtor | : | Chapter 13 |
| ------------------------------ | : | |
| IN RE: | : | |
| | : | |
| JANET L. LOOP | : | Case No. 05-90537PM |
|         Debtor | : | Chapter 13 |
| ------------------------------ | : | |
| IN RE: | : | |
| | : | |
| NAVEED AKHTAR KAHN | : | Case No. 06-10475PM |
|         Debtor | : | Chapter 13 |
| ------------------------------ | : | |
| IN RE | : | |
| | : | |
| JAMES STAFFORD | : | Case No. 06-10967PM |
|         Debtor | : | Chapter 13 |
| ------------------------------ | : | |

**MEMORANDUM OF DECISION**

      Before the court are four cases presenting an identical issue for decision, that is, whether a debtor may be a debtor in a case under Chapter 13 when that debtor may not receive a discharge upon consummation of a confirmed plan. The cases come before the court on the Chapter 13 Trustee's Motions to Dismiss. The Loop case presents one additional issue.

      Section 1328(f) of the Bankruptcy Code provides:

**11 U.S.C. § 1328.  Discharge**

> (f) Notwithstanding subsections (a) and (b), the court shall not grant a discharge of all debts provided for in the plan or disallowed under section 502, if the debtor has received a discharge--
>> (1) in a case filed under chapter 7, 11, or 12 of this title during the 4-year period preceding the date of the order for relief under this chapter, or
>> (2) in a case filed under chapter 13 of this title during the 2-year period preceding the date of such order.

This identical issue was recently presented to the United States Bankruptcy Court for the Southern District of Georgia in the case of *In re Lewis*, 339 B.R. 814 (BC S.D. Ga. 2006).  The court adopts the excellent opinion of that court.  As Judge Dalis points out, § 1328(f) is not an eligibility provision.  The eligibility portal for Chapter 13 is found at § 109(e) of the Bankruptcy Code that provides:

**11 U.S.C. § 109.  Who may be a debtor**

> (e) Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $307,675 and noncontingent, liquidated, secured debts of less than $922,975, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $307,675 and noncontingent, liquidated, secured debts of less than $922,975 may be a debtor under chapter 13 of this title.

The portal is partially barred by § 109(g) of the Bankruptcy Code that provides:

**11 U.S.C. § 109.  Who may be a debtor**

> (g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if--
>> (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or
>> (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

In order for the court to confirm a debtor's Plan in a case under Chapter 13, the court must find that the Plan has been proposed in good faith. 11 U.S.C. § 1325(a)(3). This involves and inquiry into the totality of the circumstances of the case. *See generally, Neufeld v. Freeman*, 794 F.2d 149 (CA4 1986); *In re Solomon*, 67 F.3d 1128, 1134 (CA4 1995); *Deans v. O'Donnell*, 692 F.2d 968, 972 (CA4 1982). The fact that the debtor is unable to receive a discharge upon consummation of a Chapter 13 Plan is one circumstance for the court to consider. However, the court is mindful of the fact that Congress just completed a massive renovation of the Bankruptcy Code. If it had intended to make ineligibility for a discharge a further bar to filing a bankruptcy case under § 109, it would have done so.

The Loop case presents an issue of statutory construction. In Loop the Debtor filed the bankruptcy case under Chapter 13 before the court on December 12, 2005. The Debtor received a discharge in Bankruptcy Case No. 01-24573 on September 30, 2005. The Chapter 13 Trustee urges that § 1328(f) bars a discharge if the debtor received a discharge within the applicable two or four-year period preceding the date of the Order for Relief in the existing case. The United States Trustee for the Region takes issue with the Chapter 13 Trustee's interpretation of § 1328(f) that measurement begins with the date the Debtor received the discharge. The United States Trustee's interpretation is symmetrical with the analogous discharge provision under Chapter 7, § 727(a)(8) and (a)(9), that refers to a case commenced within the applicable period. The United States Trustee also finds comfort in the report of the House Judiciary Committee on S.256 subsequently enacted as the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. That Legislative History notes that the Amendment "prohibits the issuance of a discharge in a subsequent chapter 13 case if the debtor received a discharge in a chapter 13 case filed during the 2-year period preceding the date of the filing of the subsequent chapter 13 case." H.R. Rep. No. 109-31, Pt 1 76 (109th Cong. 1st Sess. 2005). The court need not decide this issue at this time, although the position of the United States Trustee appears far more persuasive.

An appropriate order will be entered.

cc:
Timothy P. Branigan, Esquire, P.O. Box 1902, Laurel MD 20725-1902
Joseph E. Bateman, Jr., P.O. Box 1902, Laurel, MD 20725
Janet L. Loop, 2207 Iverson Street, Temple Hills, MD 20748
Naveed A. Khan, 4919 Fox Street, College Park, MD 20740
James Stafford, 10300 Slocum Court, Clinton, MD 20735
Charles P. Bowers, Esq., 4301 Garden City Drive, #300, Landover, MD 20785

Louis Fiechtner, Esq., 8401 Corporate Drive, #445, Landover, MD 20785
Edward V. Hanlon, Esq., 5510 Cherrywood Lane, Suite G, Greenbelt, MD 20770

**End of Memorandum**